**UNITED STATES of America**
v.
**George D. MATTHEWS.**
**Cr. No. 65–255.**

United States District Court
D. Massachusetts.
Jan. 14, 1966.

CAFFREY, District Judge.

Pursuant to the provisions of the Criminal Justice Act of 1964, on September 17, 1965 counsel for defendant George D. Matthews was appointed by a United States Commissioner on the Commissioner's finding that this defendant was financially unable to obtain counsel and had not waived counsel. On October 7, 1965, when the defendant was arraigned,

this appointment was continued by this Court.

On November 30, 1965 the defendant withdrew his not guilty plea and pleaded guilty to two counts of the indictment and, on December 13, 1965, was sentenced to eight years in the custody of the Attorney General. Thereafter, counsel submitted for approval a CJA Form 4 setting out in proper detail his own services in connection with the case, and this voucher for compensation and reimbursement of expenses of court-appointed counsel was approved by this Court on December 30, 1965.

On December 29, 1965 counsel filed a CJA Form 8, application for authorization to incur expense for investigative services in an amount not in excess of $300.00. This application stated that investigative services were necessary to an adequate defense of the defendant for the following reasons:

"Investigative services covering interviews with subject, parents, witnesses, arresting officers, co-defendants, copies of past record; necessary to fully inform defendant and his counsel with every aspect of the case so that he could prepare properly a defense or a disposition in the best interests of the defendant."

 To the extent that counsel requested the services of an investigator to interview his own client, the defendant, or to interview the parents of the defendant, or to obtain a copy of his past record which would appear to be known to the defendant and which counsel himself could obtain from the Massachusetts Board of Probation in any event, the request is denied in this case and, for the future guidance of members of the bar appointed as counsel for indigent defendants under the Criminal Justice Act, absent a showing of special circumstances which make it unreasonable for counsel himself to handle these three items, I will not approve similar requests in any future applications.

 A request to employ an investigator for the purpose of interviewing witnesses, including arresting officers and co-defendants, would appear to be reasonable. The request in this case must be denied on the present state of the record because of non-compliance with the provisions of 18 U.S.C. 3006A(e):

"Counsel for a defendant who is financially unable to obtain investigative * * * services necessary to an adequate defense * * * may request them in an ex parte application. Upon finding * * * that the services are necessary * * the court shall authorize counsel to obtain the services * * *."

This clearly indicates that the Court should approve a request for authorization to employ *prior* to court-appointed counsel's hiring of an investigator. Counsel in the instant case failed to request or obtain prior approval of the proposed expenditure.

Subsection (e) also provides:

"The court may, in the interests of justice, and upon a finding that timely procurement of necessary services could not await prior authorization, ratify such services after they have been obtained."

There being no such application for subsequent ratification before this Court, the request to compensate an investigator for interviewing witnesses is denied without prejudice to the filing within fifteen (15) days herefrom of an application for subsequent ratification.

 Finally, it should be noted that the affidavit filed by the investigator in this case is in sketchy form, merely reporting without any detail that the investigator spent five and one-half days on the case. This is insufficient to enable the Court to discharge its statutory obligation under 18 U.S.C. 3006A(e) of passing upon the reasonableness of the compensation claimed, both for investigation and for travel. If an application for subsequent ratification is filed herein it is to be supported by an affidavit of the investigator setting out in detail specifically what he did to entitle him to the claimed compensation.