**UNITED STATES of America,**
**Plaintiff,**

v.

**James Allen EMERSON, Defendant.**

**Misc. No. 11.**

United States District Court
E. D. Tennessee,
Northeastern Division.

April 5, 1967.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

William W. Hawkins, Kingsport, Tenn., for defendant.

## MEMORANDUM

NEESE, District Judge.

William W. Hawkins, Esq., was appointed by a United States commissioner as counsel for the above named indigent defendant. No. 3–806, docket of Commissioner James C. McSween, Jr. It appeared that Mr. Emerson would be tried in a district court in Georgia, and Mr. Hawkins procured the services of a court reporter to note and transcribe the proceedings in the commissioner's hearing scheduled for June 17, 1966. On that date, the presiding judge of this Division and District was engaged by designation and assignment in the trial of a protracted lawsuit in the Southern District of Ohio, Western Division. Mr. Hawkins has now made application for ratification of his incurrence of this expense and payment therefor.

The Court is authorized, in the interests of justice, and upon a finding that timely procurement of necessary expenses could not await prior authorization by the Court, to ratify such services after they have been obtained. 18 U.S. C. § 3006A; cf. United States v. Matthews, D.C.Mass. (1966), 249 F.Supp. 592. A United States commissioner is not empowered to make such an authorization, either before or after the fact.

Each of these situations depends on its peculiar facts. However, under the circumstances related,[1] this Court is of the opinion that ratification should be made and payment directed.

Based upon the unverified statement of Mr. Hawkins, Esq., an officer of this Court, and upon the entire record of the proceedings involved, the Court is executing the printed order appearing on C.J.A. form 10 in ratification of counsel's payment of the expense previously incurred without prior authorization.

---

1. It would have been preferable practice for counsel for this indigent defendant to have applied to another judge of this District Court. Chief Judge Robert L.

Taylor was available at his Chambers in Knoxville, Tennessee, 72 miles removed from Greeneville, Tennessee.