UNITED STATES of America,
Plaintiff,

v.

Jessie Lewis JONES et al., Defendants.

Crim. A. No. 7162.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 12, 1971.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Robert E. Simpson, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

J. Kenneth Porter, Newport, Tenn., for defendant Jessie Lewis Jones.

Ernest F. Smith, Kingsport, Tenn., for defendant Melvin Luther Cox.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Counsel for the defendant Mr. Jones, who is financially unable to obtain investigative or expert services herein, after his client was found guilty by a jury of some of the charges contained in an indictment, has requested the Court ex parte to permit counsel to obtain the services of an investigator to research the newspapers published in this district and division relating to pretrial publicity herein, and to obtain the services of a fingerprint comparison analyst to examine, review and evaluate the opinion of a witness for the prosecution who testified his opinion that a certain thumb-print found at the scene of the crime was that

of his client. 18 U.S.C. § 3006A(e). Counsel contends that these services are necessary in regard to his renewal motion for a judgment of acquittal and his motion for a new trial herein.

■ To the extent that counsel requests the services of an investigator to research such newspapers, this is an investigation which he can make himself. There is no showing of special circumstances which render it unreasonable for counsel himself to make such investigation. United States v. Matthews, D.C. Mass. (1966), 249 F.Supp. 592, 593 [1].

■ Counsel for Mr. Jones states in an affidavit that he was not aware until three days before the commencement of trial herein that the prosecution had fingerprint evidence to connect Mr. Jones affirmatively with this crime, and that he sought unsuccessfully an expert witness who might be offered to contradict the opinion of the prosecution's expert. "* * * Ordinarily a new trial will not be granted for newly discovered evidence to * * * contradict a witness * * *". 66 C.J.S. New Trial § 114, p. 324. Mr. Jones' counsel made a searching and advised cross-examination of the reasons for the opinion of the prosecution's fingerprint comparison analyst. That opinion was not shaken, and it may be assumed safely that such opinion would not be altered in the light of a contrary opinion which might, or might not, be forthcoming from a "shopping" of independent fingerprint comparison analysts to ascertain if a contrary opinion can be obtained.

■ This Court is of the opinion that it is not the intendment of 18 U.S.C. § 3006A(e) that its provisions be utilized to permit an indigent defendant who is dissatisfied with the result of a trial to try to obtain facts which might enable him to do better at another trial and rely on such after-ascertained matters as a basis for a new trial. Applications for a new trial on the basis of newly discovered evidence are regarded with suspicion, especially where the newly discovered evidence is based on conclusions. 66 C.J.S. New Trial § 101, pp. 291–292.

The services requested by counsel for Mr. Jones, thus, are found to be unnecessary, and his application hereby is

Denied.